acm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MOHAMMAD MANSOORI,      )
                          )
         **Plaintiff,**     )
                          )
vs.                    )
                          )     **Case No. 04-3241-JAR**
HARLEY G. LAPPIN, et al.,    )
                          )
        **Defendants.**    )
_____)

## MEMORANDUM AND ORDER DENYING PLAINTIFF'S
## MOTIONS FOR RECONSIDERATION

The Court now considers plaintiff's Motion to Reconsider Individual Capacity Claim (Doc. 65), and plaintiff's Motion to Reconsider the Denial of Appointment of Counsel and to Appoint Stand-By Counsel (Doc. 66). Plaintiff, a *pro se* litigant, brings this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[1] against Harley G. Lappin, the Director of the Bureau of Prisons ("BOP"), as well as a number of other officials and personnel at the BOP and at United States Penitentiary ("USP") Leavenworth alleging a violation of his Eighth Amendment rights during his incarceration in federal prison. In an Order dated September 21, 2005, this Court granted in part and denied in part defendants' motion to dismiss. (Doc. 57.) The Court dismissed without prejudice plaintiff's individual capacity claims against defendants Harley G. Lappin, Kathleen Hawk-Sawyer, Harrell Watts, G.L. Hershberger, Helen J. Marberry, Daniel A. Nitchals, Eric D. Wilson, Estate of N. Lee Conner, and John Doe

---

[1] 403 U.S. 388 (1971).

One for failure to effect service within the 120 day time limit of Fed. R. Civ. P. 4(m).  (Doc. 57 at 12-14.) Additionally, the Court denied plaintiff's motion for appointment of counsel.  Plaintiff now asks this Court to reconsider the dismissal of plaintiff's individual capacity claim for failure to effect service and the denial of appointment of counsel.  The Court will address each motion in turn.

***Motion to Reconsider the Individual Capacity Claim***

As defendants acknowledge, plaintiff's motion for reconsideration was filed out of time. This Court's local rules require that "[m]otions seeking reconsideration of non-dispositive orders shall be filed within ten days after the filing of the order unless the time is extended by the court."[2]  This Court entered the Order dismissing plaintiff's individual capacity claims for failure to effect service on September 21, 2005.  (Doc. 57.)  Plaintiff filed his motion for reconsideration on December 14, 2005, more than ten days after the filing of the Order.  Plaintiff never requested an extension of time, and the Court never granted an extension.  Therefore, plaintiff's motion is untimely.

Further, even if plaintiff had filed his motion before the deadline, the motion would fail. "A motion to reconsider shall be based on (1) intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice."[3] In his motion, plaintiff fails to make a showing of one of the above requirements that would necessitate this Court setting aside the September 21, 2005 Order.  Instead, he merely presents

---

[2]D. Kan. Rule 7.3(b).

[3]*Id.*

the same arguments that he made in his response to defendants' motion to dismiss.[4]

However, the Court reminds plaintiff that the dismissal of the individual capacity claims was without prejudice.  Although these parties have been dismissed from the case, nothing is preventing plaintiff from bringing these parties back into the action.  To do so, plaintiff needs to effect proper service upon such defendants within the required 120 day time period of Fed. R. Civ. P. 4(m).  However, the Court cautions plaintiff that defendants Lappin, Hawk-Sawyer, and Watts were also dismissed in the September 21, 2005 Order for lack of personal jurisdiction. The Court found that plaintiff failed to allege sufficient contacts by these defendants with the forum state for this Court to exercise personal jurisdiction over Lappin, Hawk-Sawyer, and Watts.

***Motion to Reconsider the Denial of Appointment of Counsel and To Appoint Counsel***

Although plaintiff's Motion to Reconsider the denial of appointment of counsel was filed out of time,[5] defendants suggest that plaintiff's motion be construed as a renewed motion for appointment of counsel.  Because this Court denied plaintiff's request for appointment of counsel without prejudice, the Court will construe plaintiff's pending motion as a renewed motion.  As this Court explained in its last Order, the right to counsel in a civil case is not a constitutional right under the Sixth Amendment.[6]  However, the Court may "request an attorney

---

[4](Doc. 49 at 4.)

[5]D. Kan. Rule 7.3 (b) requires that motions for reconsideration of non-dispositive orders be filed within 10 days after the filing of the order.  In this case, the Court issued an order denying plaintiff's request for appointment of counsel on September 21, 2005.  Plaintiff filed this motion to reconsider on December 14, 2005, well outside of the 10 day time limit.

[6]*MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

to represent any person unable to afford counsel."[7]  In deciding this motion, the Court must "give careful consideration to all the circumstances with particular emphasis upon certain factors that are highly relevant to a request for counsel."[8]  These factors include: the merits of the plaintiff's claims; the nature of the factual issues raised in the claims; the plaintiff's ability to present his claims; and the complexity of the legal issues raised by the claims.[9]

In its last Order, the Court denied plaintiff's request for counsel because plaintiff had demonstrated his ability to frame facts and state claims for relief under various constitutional provisions and because the legal issues in this case are not novel or difficult to state or analyze. In his second request, plaintiff fails to provide additional support for this Court to grant his motion under the relevant factors.  Two of the three reasons plaintiff gives to support his request describe his financial hardship.  Plaintiff's third reason to support his request is that he is unable to receive help from a "jail house lawyer" and that he does not "fully understand the Courts [sic] esoteric language" because English is his third language.  As defendants point out, plaintiff does not state that he is not proficient in the English language.  Plaintiff's filings with the Court demonstrate he can proficiently read and write in the English language.  Moreover, when plaintiff participated in a  telephone scheduling conference on November 19, 2005 before the magistrate judge assigned to this case, plaintiff never expressed nor evidenced any difficulty in communicating in English, nor in understanding the discussion  among the parties and the court. Further, because the issues in this case are not novel or complex, the Court finds that plaintiff

---

[7] 28 U.S.C. § 1915(e)(1).

[8] *Rucks v. Boergermann,* 57 F.3d 978, 979 (10th Cir. 1995) (quoting *McCarthy v. Weinberg,* 753 F.2d 836, 838 (10th Cir. 1985)).

[9] *Rucks,* 57 F.3d at 979 (citing *Williams v. Meese,* 926 F.2d 994, 996 (10th Cir. 1991)).

has the ability to understand and analyze the legal issues in his own capacity, without the help of a "jail house lawyer."

Throughout this case, plaintiff has shown both this Court and the assigned magistrate judge that he understands the fundamental issues in this case.  Further, plaintiff has presented his arguments intelligently and coherently despite the fact that English is not his first language. Because plaintiff has not made a showing to the contrary, the Court, giving consideration to all of the relevant factors, again denies plaintiff's request for appointment of counsel.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion to Reconsider the Individual Capacity Claim (Doc. 65) is **DENIED**.

**IT IS FURTHER ORDERED BY THE COURT** that plaintiff's Motion to Reconsider the Denial of Appointment of Counsel and To Appoint Stand-by Counsel (Doc. 66) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of January 2006.

   S/ Julie A. Robinson
Julie A. Robinson
United States District Judge