acm

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MOHAMMAD MANSOORI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | Case No. 04-3241-JAR |
| **HARLEY G. LAPPIN, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

### MEMORANDUM AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND DENYING PLAINTIFF'S MOTION FOR PRODUCTION OF DOCUMENTS

The Court now considers plaintiff's Motion to for Extension of Time (Doc. 79), and plaintiff's Motion to Produce Documents and Information (Doc. 77). Plaintiff, a *pro se* litigant, brings this civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,[1] against Harley G. Lappin, the Director of the Bureau of Prisons ("BOP"), as well as a number of other officials and personnel at the BOP and at United States Penitentiary ("USP") Leavenworth alleging a violation of his Eighth Amendment rights during his incarceration in federal prison. On May 3, 2006, defendants filed a motion for summary judgment. Plaintiff requests an additional 60 days to file his response, which is due May 26, 2006. While the government asserts that 30 days is a more appropriate amount of time for plaintiff to submit his response, the Court, having reviewed the parties' submissions, will grant plaintiff **one final** extension of time of 60 days. Plaintiff must file his response to defendants' Motion for

---

[1] 403 U.S. 388 (1971).

Summary Judgment **by July 24, 2006.**

Plaintiff has also filed a Motion for Production of Documents and Information in which he requests the Court compel defendants to produce: (1) a list of the names and contact information for all inmates that shared housing with plaintiff from January to June 2003, (2) a list of the names of smoking and non-smoking inmates housed at USP Leavenworth during January to June 2003, (3) a copy of a security camera tape from Unit C2 at USP Leavenworth between the hours of 8:00 A.M. and 10:00 P.M. from January to June 2003, (4) a list of the names of inmates who received disciplinary action for smoking where prohibited from January to June 2003 at USP Leavenworth, and (5) a list of the purchase and sale of any tobacco products from the commissary at USP Leavenworth from January to June 2003.  Defendants respond that plaintiff's requests must be denied because they are untimely, and the Court agrees.

In this case, the Scheduling Order requires that "all discovery shall be commenced or served in time to be completed by March 9, 2006."  (Doc. 60 at 4.)  Further, the Pretrial Order, entered April 5, 2006, states that discovery is complete.  (Doc. 74 at 9.)  Defendants filed a motion for summary judgment on May 3, 2006.  (Doc. 75.)  Plaintiff filed his Motion for Production on May 8, 2006, subsequent to the deadline listed in the Pretrial Order and after defendants filed their motion for summary judgment.

In construing plaintiff's request as a motion to reopen discovery, the decision " to extend or reopen discovery is committed to the sound discretion of the trial court . . . ."[2]  The Tenth Circuit has listed several factors that district courts should consider when determining whether

---

[2] *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987) (citing *United States v. Reliance Ins. Co.*, 799 F.2d 1382, 1387 (9th Cir. 1986); *United States v. Schellong*, 717 F.2d 329, 336 (7th Cir. 1983), *cert. denied*, 465 U.S. 1007 (1984)).

discovery should be reopened: (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.[3]

In this case, the factors weigh against reopening discovery. While trial is not imminent at this time, defendants oppose plaintiff's request. Further, plaintiff was not diligent in obtaining this discovery during the time period established by the Court. Plaintiff's motion does not state why he was unable to make these requests for production before the time for discovery had expired. The Court notes that the Scheduling Order provided plaintiff ample time to conduct discovery. Also, defendants would be prejudiced if the Court were to reopen discovery. Upon the expiration of the discovery deadline, defendants filed their motion for summary judgment. Reopening discovery would prejudice defendants who have already spent time and resources filing their pending dispositive motion. Finally, plaintiff has not established in his motion for production that the discovery will lead to relevant evidence. Accordingly, plaintiff should not be allowed to reopen discovery, and to the extent plaintiff requests this in his motion for production, his request is denied.

To the extent plaintiff's motion can be construed as a motion to compel discovery under Fed. R. Civ. P. 37(a), the Court must deny this request as well. A party may move for the Court to compel discovery when discovery has been served on the opposing party and the opposing

---

[3] *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990) (citing *Smith*, 834 F.2d at 169).

party fails to respond.[4]  Here, defendants contend that plaintiff has never served any discovery requests upon them, and therefore they have not failed to respond to discovery.  Thus, the Court cannot compel defendants to engage in discovery when they have not been served with the appropriate requests.  Accordingly, plaintiff's motion for production must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Extension of Time (Doc. 79) is **GRANTED**.  Plaintiff shall filed his response **on or before July 24, 2006.**

**IT IS FURTHER ORDERED BY THE COURT** that plaintiff's Motion to Produce Documents and Information (Doc. 77) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 23rd  day of May 2006.

              S/ Julie A. Robinson
             Julie A. Robinson
             United States District Judge

---

[4] Fed. R. Civ. P. 37(a)(2)(B).